THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN TEIXEIRA, Appellant.— Judgment of conviction of the County Court of Westchester county unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

PROSPERINO RAZZANO, Respondent, v. TIBER PUBLISHING CORPORATION, Appellant.— Order denying motion to vacate order for substituted service affirmed, with fifty dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

MAURICE RIVKIN, Appellant, v. HERTZ DRIV-UR-SELF STATIONS and JOHN NAVARRO, Respondents.— Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. In our opinion, the court erroneously charged the jury with reference to the signs upon the stanchions forming the isle of safety. Defendant's chauffeur and the witness Deleuil both testified that the defendant's truck was going straight across Eastern parkway into Sterling place on the north. If so, it was plainly the duty of the driver of the truck to keep to the right of the stanchions whether the signs upon them were " Safety Zone " or " Keep to the Right." (Code of Ordinances of the City of New York [1927], Traffic Regulations, § 11, subd. 1.) Even if defendant's driver intended to make a left turn from Sterling place into Eastern parkway, it would be his duty to make the turn beyond the center point of intersection (Code of Ordinances of the City of New York [1927], Traffic Regulations, § 11, subd. 6), and this he was not doing at the time the accident occurred. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.

ROSE ROSSA, Respondent, v. ELEANOR GLASS, Appellant.— Order denying motion to vacate order of arrest affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

GIULIO SANTA BARBARA and GIUSEPPINA SANTA BARBARA, Appellants, v. PASQUALE AVALLONE and Others, Defendants, and BANK OF AMERICA NATIONAL ASSOCIATION and THE NATIONAL CITY BANK OF NEW YORK, Respondents.— Order dismissing amended complaint reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to respondents to answer within ten days from the entry of the order herein. In our opinion, the amended complaint states a good cause of action for an accounting in equity and is not barred by the Statute of Limitations because the statute did not commence to run until plaintiffs' discovery of the fraud alleged in the complaint and plaintiffs' affidavit to have been made in 1931. The truth of the allegations and the actual time of such discovery can be determined only after a trial. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

WITTE SCHULMAN, Appellant, v. MONSEY BUILDING CORPORATION, Respondent. — Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. The proof established a *prima facie* case of negligence; and the question of plaintiff's contributory negligence under the circumstances was one of fact for determination by the jury. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.